UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

FILED
JUL 1 2 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| HOSPITALITY BUILDERS, INC., | \* | CIV 05-1020 |
| Plaintiff, | \* | |
| | \* | ORDER AND OPINION |
| -vs- | \* | |
| HAROLD RIDGWEAY, JR., individually and d/b/a RIDGEWAY LANDSCAPING AND EXCAVATING, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff instituted this action to compel arbitration pursuant to 9 U.S.C. § 1, *et seq*. and for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff filed a petition for an order to compel arbitration, Doc. 3, pursuant to 9 U.S.C. § 4. The motion to compel arbitration came on for hearing on Thursday, July 7, 2005, with the plaintiff appearing by its attorney, Ronald J. Hall. The defendant did not appear, either in person or with counsel. The Court orally advised defendant's out of state counsel, Paul Madison, of the hearing date and of his need to obtain local counsel. He indicated that he would obtain counsel who would appear at the hearing. On July 6, 2005, Mr. Madison sent to the Court by facsimile a request to continue the hearing for two weeks. That request should be denied. Mr. Madison is not admitted to practice and could make no motion. It also appears that delay was sought to enable defendant to proceed with litigation in New York. Finally, defendant is in default, having failed to timely answer.

Plaintiff, Hospitality Builders, Inc. ("HBI"), a general contractor based in Aberdeen, South Dakota, is the general contractor for the construction of a Howard Johnson's Inn in Cooperstown, New York. HBI entered into a written sub-contract with defendant, Ridgeway Landscaping and Excavating ("Ridgeway") for the performance of excavation and concrete work at the Howard Johnson's project. The sub-contract contains an arbitration provision which provides, in part:

> If at any time any dispute or controversy should arise between the Contractor [HBI] and the Subcontractor [Ridgeway] with respect to any matter or thing

> arising out of or related to this Subcontract or the project, such controversy shall be . . . decided by arbitration in accordance with . . . this agreement.

The arbitration provision further provides that:

> In any arbitration involving Subcontractor and Contractor as provided in . . . this Subcontract, the . . . arbitration shall be conducted in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor . . . The parties specifically agree that the hearing locale for any arbitration proceedings between the Contractor and the Subcontractor shall be Aberdeen, South Dakota . . . The agreements to arbitrate contained herein . . . shall be specifically enforceable under the prevailing federal and South Dakota arbitration laws.

Article 20 of the contract between HBI and the Owner contains a valid forum selection and choice of law clause which provides:

> The Contract shall be governed by the law of the State of South Dakota without regard to any conflicts of law principles, unless otherwise agreed between the parties. The parties expressly and specifically agree that the exclusive forum and venue of any litigation or legal proceedings arising under the Contract Documents shall be the United States District Court for the District of South Dakota, Northern Division, or the Fifth Judicial Circuit Court of South Dakota for Brown County, and the parties hereby consent and submit to the jurisdiction thereof and waive any objections relating to such forum and venue.

Article 20 of that contract also contains an arbitration clause which provides, in part,

> All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contact Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. The parties specifically and expressly agree that the hearing locale for any arbitration proceedings conducted under the Contract Documents shall be in Aberdeen, South Dakota. Notice of the demand for arbitration shall be filed in writing with the other party to the Owner-Contractor Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.

A dispute has arisen with regard to payment under the sub-contract. Ridgeway filed a civil action for damages on June 6, 2005, in the Supreme Court of New York. On June 15, 2005, HBI commenced this action in the District of South Dakota to compel arbitration.

The sub-contract is subject to Article 20 of the general contract. Ridgeway is bound by the jurisdictional provisions of the general contract and consented to the sole jurisdiction being in some court located in South Dakota. The forum selection clause of the contract is sufficient to grant this court personal jurisdiction over Ridgeway. N.I.S. Corporation v. Swindle, 724 F.2d 707, 709 (8th Cir. 1984). "It is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." Id., quoting National Equipment Rental, Ltd. V. Szukhent, 375 U.S. 311, 315-16, 84 S.Ct. 411, 414, 11 L. Ed. 2d 354 (1964). Proof of service has been filed and personal jurisdiction has been established.

A petition to compel arbitration pursuant to 9 U.S. C. § 4 must allege an independent ground of jurisdiction since the Federal Arbitration Act does not, in itself, confer subject matter jurisdiction. Stroh Container Co. V. Delphi Industries, Inc., 783 F.2d 743, 748 n. 7 (8th Cir. 1986) (*citing* Commercial Metals Co. V. Balfour, Guthrie & Co., 577 F.2d 264, 266-268 (5th Cir. 1978)). HBI alleges in its complaint both diversity of citizenship and that the requisite amount in controversy exceeds $75,000.00. It is clear from the New York pleadings that Ridgeway seeks to recover from HBI $166,365 in contract damages as well as $133,635 in special and consequential damages. Ridgeway seeks well over $75,000.00 from HBI. Ridgeway's claim is subject to arbitration pursuant to the sub-contract. The test to determine the jurisdictional amount under 9 U.S.C. § 4 is not what the party seeking to compel arbitration might collect, but rather the possible award resulting from the requested arbitration. America's MoneyLine Inc. v. Coleman, 360 F.3d 782, 785-87 (7th Cir. 2004); Delta Financial Corp. V. Paul D. Comanduras & Assoc., 973 F.2d 301, 304 (4th Cir. 1992); Marcy Lee Mfg. Co. v. Cortley Fabrics Co., 354 F.2d 42, 43 (2nd Cir. 1965). The possible award here clearly exceeds $75,000.00, exclusive of interest and costs.

Pursuant to 9 U.S.C. § 4, this Court must order the parties to proceed to arbitration in accordance with the terms of the agreement when the making of the agreement for arbitration and failure to comply therewith are not in issue. *See also* Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey, 726 F.2d 1286, 1288 (8th Cir. 1984) ("We initially address three issues: (1) whether there exists a valid agreement to arbitrate; (2) whether the subject matter of this dispute is covered by the agreement; and if so, (3) whether there has been a breach of the agreement.").
There is no evidence or claim that the contract is one of adhesion. There is no evidence or claim that fraud, undue influence, mistake or other matter might vitiate the contract. The contract is

valid. Ridgeway has failed to comply with the contract by its refusal to arbitrate. The required notices have been given as required by the contract and by law. The subject matter of the dispute between the parties is covered by the arbitration agreement. In an action to compel arbitration, the court may not inquire beyond ascertaining whether the party seeking arbitration has made a claim which on its face is governed by the contract. National Railroad Passenger Corp. v. Missouri P. R. Co., 501 F.2d 423, 427 (8th Cir. 1974). Clearly, all claims are so governed.

Ridgeway is attempting to litigate this matter in the New York Supreme Court. Ridgeway ignores the fact that it contractually agreed that any disputes would be subject to arbitration and litigation in South Dakota. Ridgeway is attempting to frustrate and violate the purposes of the Federal Arbitration Act and should not be permitted to do so.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's petition for order to compel arbitration, Doc. 3, is granted.

2. Defendant is ordered to submit to arbitration pursuant to the terms of the contract, this to include all claims of HBI against Ridgeway and all claims of Ridgeway against HBI arising out of or related to the contract.

3. Defendant's request to continue the hearing on the motion to compel arbitration is denied.

4. Defendant and his attorneys shall immediately cease and desist from taking any further action in and receiving any relief from any court other than this court.

Dated this 12th day of July, 2005.

BY THE COURT:

_____
CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: _____
             DEPUTY
    (Seal)

4